UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLANDO ANDRES GARCIA-MUNIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-79 |
| | § | |
| MUSQUIZ C., | § | |
| | § | |
| Defendant. | § | |

## INITIAL PARTIAL FILING FEE AND COLLECTION ORDER

Plaintiff **Rolando Andres Garcia-Muniz BOP No. 74469-079** has applied for leave to proceed *in forma pauperis* (D.E. 5, 10). The Prison Litigation Reform Act (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of $350.00. The Court has considered the application in light of the PLRA. Plaintiff's applications to proceed *in forma pauperis* (D.E. 5, 10) are **GRANTED**. The Court **ORDERS** that:

1. The Clerk shall file the plaintiff's pleadings without prepayment of the filing fee.

2. The institution having custody of plaintiff shall forward to the United States District Court the initial partial filing fee of **$160.66**, *see* 28 U.S.C. § 1915(b)(1) (requiring initial partial filing fee of 20% of either the average monthly deposits to the

prisoner's account or 6-month average balance in the prisoner's account, whichever is greater), as soon as such funds are available in the plaintiff's inmate trust account.[1]

3. The plaintiff shall pay **$189.34** the balance of the full filing fee, in monthly installments to the United States District Court as provided in 28 U.S.C. § 1915(b)(2).

4. The institution having custody of plaintiff shall deduct 20% of each deposit made to the plaintiff's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

4. The plaintiff shall sign all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend.

7. All discovery in this case is stayed until an answer is filed.

8. No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

---

[1] Plaintiff's Prisoner Trust Fund Account Statement (D.E. 15) does not include calculations for his average monthly deposits to the prisoner's account or the 6-month average balance in the prisoner's account. The most Plaintiff had in his account was $5,130.05 on August 10, 2016. Most recently, on February 20, 2017, the account balance was $134.57. The undersigned determined Plaintiff's average balance for the applicable time period to be $803.29.

9. The plaintiff must notify the Court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

10. The Clerk of Court will send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, FCI Three Rivers, P.O. Box 4000, Three Rivers, Texas 78071.

ORDERED this 24th day of May, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PLAINTIFF:**

If you do not wish to pay the filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute this civil action. Your notice must be mailed within thirty (30) days from the entry of this order. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division, which is dismissed as frivolous or malicious. TEX. GOVT. CODE ANN. § 498.0045.

When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROLANDO ANDRES GARCIA-MUNIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-79 |
| | § | |
| MUSQUIZ C., | § | |
| | § | |
| Defendant. | § | |

## MOTION FOR VOLUNTARY DISMISSAL

I, _____, plaintiff, seek voluntary dismissal under FED. R. CIV. P. 41(a) because I do not want to pay the filing fee in this case.

_____
Plaintiff

_____
Date